IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRUCE A. MCDONALD, ) | |
|     Petitioner, ) | |
| v. ) | No. 3:07-CV-1220-K |
| ) | ECF |
| BUREAU OF PRISONS, ET AL., ) | |
|     Respondents. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an Order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I. Factual background**

Petitioner filed a "Writ Quo Warranto to the Bench," which the Court has construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is an inmate at the Federal Correctional Institution in Seagoville, Texas.

On September 14, 2004, Petitioner was arrested by Dallas police officers for an outstanding felony warrant. After the arrest, police found a firearm in Petitioner's possession. Petitioner was then incarcerated in state custody.

On November 30, 2005, Petitioner was indicted in federal court for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922 and 924. On December 30, 2005, Petitioner was transferred from state custody to federal custody pursuant to a writ of habeas

corpus ad prosequendum. On April 13, 2006, Petitioner pled guilty in federal court. On August 23, 2006, He was sentenced to 57 months imprisonment. The Honorable Judge Kinkeade ordered that Petitioner's sentence would run concurrent to any state sentence for the same charges.

On July 9, 2007, Petitioner filed this petition arguing that the Federal Bureau of Prisons ("BOP") incorrectly credited his back-time. He states the BOP credited him with twenty months of back-time when he should be credited with twenty-three months and nine days. On October 12, 2007, Respondents filed their answer. Petitioner did not file a reply. The Court finds the petition should be denied.

## II. Discussion

Petitioner argues he is entitled to an additional three months and nine days time credit on his federal sentence for time he spent in state custody. Title 18 U.S.C. § 3585(b) states:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> (1)  as a result of the offense for which the sentence was imposed; or
> (2)  as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

In this case, Petitioner's attorney admitted at sentencing that Petitioner should be credited with only twenty months of back-time instead of the full twenty-three months and nine days that Petitioner spent in state custody. (Resp. Ex. F at 11). Defense counsel admitted that three months and nine days of Petitioner's state time was credited towards an unrelated charge out of Harrison County. (*Id.*) Further, Judge Kinkeade specifically stated at the sentencing hearing that Petitioner was to receive twenty months of time credit instead of twenty three months and

nine days. (*Id*. at 14).

Petitioner has not shown that he is entitled to additional time credit in this case. His petition should be denied.

**RECOMMENDATION**

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition under 28 U.S.C. § 2241 be denied with prejudice.

Signed this 10th day of April, 2008.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Plaintiff. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).